**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RAZIEL OFER

    Plaintiff                               Case No.: 24-CV-24478-RKA

v.

1434 COLLINS, LLC, et. al.

_____ /

<u>**METROPOLITAN MORTGAGE COMPANY, LLC'S**</u>
<u>**MOTION TO DISMISS VERIFIED INITIAL COMPLAINT**</u>

      Defendant, Metropolitan Mortgage Company, LLC, by and through undersigned counsel, hereby moves to dismiss Counts IV and VI of the Plaintiff's Verified Initial Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6), and Rule 13(a), and states as follows.

**I.**    <u>**Introduction**</u>

      Plaintiff Raziel Ofer has filed an incoherent Verified Initial Complaint in which he sued five defendants for acts allegedly arising out of a convoluted series of real estate transactions on Miami Beach. [ECF No. 1]. Ofer failed to serve four of the five defendants, leaving Metropolitan Mortgage Company, LLC ("Metropolitan") as the only defendant who was properly served. [ECF Nos. 20, 30]. Ofer's Complaint attempts to state a claim for civil conspiracy against Metropolitan (Count IV) as well as claim for "fraud in the concealment" (mis-numbered as Count IV but actually the sixth claim).

      This Court should dismiss the Complaint in its entirety pursuant to Rules 8(a)(2) and 12(b)(6) because Ofer failed to plead any allegations that would entitle him to relief against Metropolitan. Moreover, to the extent the allegations of the Complaint do make sense, they demonstrate that Ofer's claims are compulsory counterclaims that should have been raised in an

ongoing lawsuit filed in state court in Miami in 2022. Finally, Ofer's fraud claim cannot survive because he failed to identify any fraudulent statements or information that was concealed.

## II.   <u>Legal Standard</u>

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). In order to withstand a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Pro Services, Inc. v. BHS Corrugated - N. Am., Inc.*, 24-CV-60318, 2024 WL 3103677, at \*2 (S.D. Fla. June 20, 2024) (Damian, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint meets this standard if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *Pro Services,* 24-CV-60318, 2024 WL 3103677, at \*2. However, "[a] district court may dismiss a complaint for failure to comply with Rule 8(a)(2) if the plaintiff can prove no facts that would entitle him to relief." *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx. 863, 864 (11th Cir. 2008) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)). A claim for fraud must be pled with particularity. Fed. R. Civ. P. 9(b).

## III.   <u>Memorandum of Law</u>

### A.   <u>The Complaint Fails to Articulate any Coherent Claims Against Metropolitan and Should be Dismissed Pursuant to Rules 12(b)(6) and 8(a)(2).</u>

Despite the fact that Ofer is proceeding *pro se*, he must comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2), which requires a pleading to contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *Cruz v. Felix*, 23-CV-20539, 2023

WL 1965084, at *1 (S.D. Fla. Feb. 13, 2023) (Bloom, J.) (citing *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)). "The Court cannot simply 'fill in the blanks' to infer a claim, as it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8.'" *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1221 (S.D. Fla. 2019), *aff'd,* 820 Fed. Appx. 989 (11th Cir. 2020) (cleaned up) (quotations omitted). This Court may dismiss Ofer's complaint "for failure to comply with Rule 8(a)(2) if the plaintiff can prove no facts that would entitle him to relief." *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx. 863, 864 (11th Cir. 2008) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)).

Here, Ofer fails to state a claim under Rule 12(b)(6) because his Complaint is not a plain statement of fact showing he is entitled to any relief whatsoever. Ofer attempts to assert claims against Metropolitan for civil conspiracy and fraud. The allegations demonstrate that Ofer's claims arise out of a web of convoluted real estate transactions involving two properties on Miami Beach dating back to 2013. Compl. ¶¶ 2-3, 7 [ECF No. 1]. However, Ofer's 43 paragraphs of general allegations are incoherent and confusing, describe the defendants' conduct in vague and generic language, and refer to events dating back to 2008 which appear to have no bearing on this matter. *See id.* at ¶ 3. Ofer failed to attach any of the operative loan documents, so Metropolitan is left guessing at the precise nature of the scope of Ofer's claims and the alleged misconduct; a task which is compounded by the volume of transactions and number of properties and defendants. The Court should find that Ofer's complaint fails to state any claim for relief and dismiss the pleading in accordance with Rule 8(a)(2). *See Osahar v. U.S. Postal Serv.*, 297 Fed. Appx. 863, 864 (11th Cir. 2008).

**B. Plaintiff's Claims Appear to be Compulsory Counterclaims that Should have been Raised in the Prior Lawsuits.**

Next, Ofer describes two prior lawsuits filed in 2019 and 2022, recounting some of the procedural history of each lawsuit as well as some of the transactional history that preceded the lawsuits. *See* Compl. ¶¶ 26-43. Ofer specifically alleges that "Defendants alleged in other places", which presumably refers to the prior lawsuits. *Id.* at ¶¶ 16-17. Ofer also suggests his fraud claim against Raijman arose of out statements made in 2018 – prior to the institution of the two prior lawsuits. *Id.* at ¶¶16-20. These "facts" demonstrate that Ofer's claims against Metropolitan (a) were known by Ofer seven years ago and (b) should have been raised in either of the 2019 or 2022 lawsuits. Furthermore, in his general allegations, Ofer alleges that 1434 Collins, LLC "while under the control of Rodriguez, failed to (i) perform its obligations under the various loans as they became due, (ii) neglected its duty to Ofer to pursue all remedies to cure any shortcomings in the loans and perform, and (iii) failed to take any other action to perform under the loans." *Id.* at ¶ 43. Then, each and every claim is based on the same identical allegations that 1434 Collins, LLC was a guarantor on "various loans" and it failed to perform under one loan issued in July 2018. *Id.* at ¶¶ 46-47, 54-55, 66-67, 80-81, 92-93, 107-08. The alleged "failure to perform" of 1434 Collins, LLC appears to have been an issue in the 2022 lawsuit. *See id.* at ¶ 36 (alleging that Metropolitan alleged that "Drexel and 1434 maintained obligations on the real property, as mortgagors and/or co-borrower/guarantors for which Ofer served as guarantor"). In addition, the "failure to perform" sounds in a claim for breach of contract against 1434 Collins, LLC, not a fraud claim against Metropolitan. *See* Compl. ¶¶ 33-36, 38-43.[1]

---

[1] At the outset of his Complaint, Ofer alleges that he controlled 1434 Collins, LLC. Compl. ¶¶ 4-5. Then, without explaining if or how this changed, he then alleges that "1434, Drexel and Drexel Financial were all owned and/or controlled by Rodriguez or related parties". *Id.* at ¶ 39. It is unclear

Further complicating his already-convoluted claims, Ofer alleges that Drexel Financial, LLC purchased all of Metropolitan's mortgages and was substituted as the plaintiff in the 2022 lawsuit. *Id*. at ¶¶ 36-37. Assuming that to be true, any claims Ofer had against Metropolitan arising out of or related to these mortgages (presuming he had any viable claims), would have been transferred to Drexel.

The 2022 lawsuit is still ongoing. *See generally* Docket Case No. 2022-003487-CA-01.[2] Both 1434 Collins, LLC and Ofer were sued as defendants. *See* Case No. 2022-003487-CA-01, Amended Compl., [ECF No. 27]. Ofer signed at least one of the notes as the manager of 1434 Collins. *Id*. at Ex. A. Ofer has appealed the judgment. *See* [ECF No. 181]. Based on Ofer's allegations in this Court and the allegations of the Amended Complaint in the 2022 state court lawsuit, it plainly appears that Ofer's claims in this lawsuit arise from the same core of facts as the 2022 lawsuit. Therefore, Ofer was required to raise these claims in the 2022 lawsuit (and possibly in the 2019 lawsuit as well) as a compulsory counterclaim. *See* Fed. R. Civ. P. 13(a); *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380 (11th Cir. 1991); *John Alden Life Ins. Co. v. Cavendes*, 591 F. Supp. 362, 365 (S.D. Fla. 1984). When determining whether a counterclaim is compulsory, this Court applies the "logical relationship" test. *Republic Health Corp. v. Lifemark*

---

how the failure of *Ofer's own company*, 1434 Collins, LLC, to perform its obligations could possibly give rise to liability for Metropolitan for fraud.

[2] While the 2022 lawsuit in state court in Miami is outside the four corners of the Complaint, it is well-established that "a district court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment." *Great Lakes Ins. SE v. Crabtree*, 673 F. Supp. 3d 1301, 1311 (S.D. Fla. 2023) (Altman, J.) (quoting *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 816 (11th Cir. 2014)). A district court can properly take judicial notice of another court's order or docket "to establish the fact of such litigation and related filings" "or the subject matter of the litigation." *Great Lakes*, 673 F. Supp. 3d at 1312 (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

*Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). A logical relationship arises when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic*, 755 F.2d at 1455 (quoting *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357, 1361 (5th Cir. 1979)).

"The purpose of the compulsory counterclaim rule is to eliminate multiplicity of litigation." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991). *See also John Alden Life Ins. Co. v. Cavendes*, 591 F. Supp. 362, 366 (S.D. Fla. 1984) ("The objectives of Rule 13(a) are to provide complete relief to the parties in a single suit by 'flushing out' all claims; to promote judicial economy; and to avoid the inefficiencies of piecemeal litigation."). Ofer's Complaint identifies two lawsuits related to the same properties at issue in this lawsuit. [ECF No. 1 at ¶ 26, 36]. Plaintiff's attempt to institute a *third lawsuit* promotes a multiplicity of litigation and raises the risks of inconsistent outcomes, particularly when the 2022 lawsuit remains pending in both the state and appellate courts.

Because Ofer failed to raise these claims in the 2022 lawsuit, he has waived them. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991). Ofer's failure to do so renders any further amendment futile. *Id.* This Court should therefore dismiss Ofer's claims against Metropolitan with prejudice as a compulsory counterclaim.

## C. Plaintiff Failed to Plead Fraud with Particularity.

In Count VI (misnumbered as the second Count "IV"), Ofer attempts to plead a claim for "fraud in the concealment."[3] Under Florida law, a claim for fraudulent concealment requires the plaintiff to prove: (1) the defendant knowingly concealed or failed to disclose a material fact; (2)

---

[3] Metropolitan assumes Ofer means "fraudulent concealment."

which it had a duty to disclose; (3) the defendant knew its concealment of or failure to disclose the material fact would induce the plaintiff to act; and (4) the plaintiff detrimentally relied on the misinformation. *777 Partners LLC v. Pagnanelli*, No. 20-20172-CIV, 2022 WL 4597804, at *10–11 (S.D. Fla. Mar. 16, 2022) (citing *Hess v. Philip Morris USA, Inc.*, 175 So. 3d 687, 691 (Fla. 2015)). Here, Ofer hasn't alleged sufficient facts to establish any of the elements of fraudulent concealment, so this claim should be dismissed pursuant to Rule 12(b)(6). *See* Compl. ¶¶ 1-43; 105-116.

In addition, Ofer was required to plead fraud with particularity, detailing the "who, what, when, where and how" about the fraud that took place. Fed. R. Civ. P. 9(b); *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006). In addition, Ofer had to allege "what the defendants obtained as a consequence of the fraud." *Garfield*, 466 F.3d at 1262. A cursory review of the Complaint demonstrates that Ofer failed to plead fraud with particularity. The allegations of the fraud claim do not identify *any* statements or attempts to knowingly conceal or fail to disclose any material facts that could possibly support a fraud claim. *See* Compl. ¶¶ 105-116. At most, Ofer states that he "relied on the statements and emails which were issued by Milton Raijman"; however, Ofer fails to identify these statements or emails. *Id.* at ¶ 114. The Complaint's general allegations also fail to identify any alleged fraudulent statements. *See id*. at ¶¶ 1-43. Because Ofer failed to identify any basis to hold Metropolitan liable for fraud, Count VI must be dismissed. *Solomon v. Blue Cross & Blue Shield Ass'n*, 574 F. Supp. 2d 1288, 1293 (S.D. Fla. 2008). Furthermore, Ofer's "understandings" and "beliefs" do not support a fraud claim. *See* Compl. ¶¶ 23,114. *See Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1139 (M.D. Fla. 2021) ("Florida law imposes a reliance requirement in an omissions case, which cannot be satisfied by assumptions." (quoting *Humana, Inc. v. Castillo*, 728 So. 2d 261, 265 (Fla. 2d DCA 1999))).

**D.  Plaintiff's Conspiracy Claim Cannot Survive.**

Finally, Ofer's conspiracy claim (Count IV) must be dismissed pursuant to Rule 12(b)(6) for three distinct reasons. First, the conspiracy claim cannot exist as a stand-alone claim. *Tejera v. Lincoln Lending Services, LLC*, 271 So. 3d 97, 103 (Fla. 3d DCA 2019) ("Florida does not recognize civil conspiracy as a freestanding tort."); *Koch v. Royal Wine Merchants, Ltd.*, 907 F. Supp. 2d 1332, 1346 (S.D. Fla. 2012) ("Unlike a criminal conspiracy, which is an offense in itself, a civil conspiracy 'is not a separate or independent tort but is a vehicle for imputing the tortuous [sic] actions of one co-conspirator to another.'" (quoting *Hoch v. Rissman, Weisberg, Barrett,* 742 So.2d 451, 460 (Fla. 5th DCA 1999))). In this Count, it appears that Ofer is alleging that Metropolitan conspired to "falsely accuse [him] of wrongfully withdrawing funds," which led to entry of a judgment. However, there is no underlying claim against any present defendant based on this conduct. To the extent the fraudulent concealment action is based on that same conduct, once that is dismissed, the conspiracy claim must also be dismissed. *Benessere Inv. Group, LLC v. Swider*, No. 24-CV-21104-RAR, 2024 WL 4652090, at *12 (S.D. Fla. Oct. 31, 2024) ("Because Plaintiffs fail to establish any of the underlying claims, the civil conspiracy claim must also fail.").

In addition, the intracorporate conspiracy doctrine requires dismissal of this count. The Complaint alleges that Milton Raijman owns Metropolitan. [ECF 1 at ¶ 6]. The conspiracy count is then alleged against Raijman and Metropolitan. It is well settled that "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Robinson Indus., Inc. Profit Sharing Plan v. Chapman*, 2010 WL 11626745, at *2 (M.D. Fla. Sept. 9, 2010). "Because the acts of a corporation's agents are considered to be those of a single legal actor ..., it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself." *Id.*

Finally, Ofer failed to allege any discrete actions taken by Metropolitan in furtherance of the conspiracy. *See* Compl. ¶¶ 78-89.[4] Ofer was required to allege a factual basis for its claim that a conspiracy existed to put Metropolitan on notice of the nature of the claim and its alleged role in the conspiracy. *Grappell v. Carvalho*, 847 Fed. Appx. 698, 702 (11th Cir. 2021) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." (quoting *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984))). Because Ofer failed to plead any factual allegations to identify Metropolitan's role in the alleged conspiracy, this claim must be dismissed.

## IV.   Conclusion

For the foregoing reasons, the Plaintiff's Complaint should be dismissed.

Respectfully submitted,

LETO LAW FIRM
201 S. Biscayne Blvd.
Suite 2700
Miami, Florida 33131
Tel.    305-341-3155
Fax:    305-397-1168

*/s/ Matthew P. Leto*
MATTHEW P. LETO
Florida Bar No.: 014504
mleto@letolawfirm.com
kzelaya@letolawfirm.com
pleadings@letolawfirm.com

---

[4] Again, the Complaint's general allegations do not cure this defect.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 2, 2025, I electronically filed the foregoing document using CM/ECF, which will provide a copy to all counsel of record, and also served this on the following:

Plaintiff *Pro Se*

Raziel Ofer
3701 DeGarmo Lane
Miami, FL 33133
Raz.ofer2@gmail.com

*/s/ Matthew P. Leto*
MATTHEW P. LETO
